**CROKER v. CENTRAL VERMONT RY., Inc.**

No. 112, Docket 21158.

United States Court of Appeals
Second Circuit.

Feb. 1, 1949.

Leary & Leddy and Bernard J. Leddy, all of Burlington, Vt., for plaintiff.

H. H. Powers, of St. Albans, Vt., for defendant.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

H. H. Powers, of St. Albans, Vt., for appellant.

Leary & Leddy, of Burlington, Vt., for appellee.

SWAN, Circuit Judge.

The appellee, Robert L. Croker, who was employed as a fireman on an engine owned and operated by the appellant, brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, to recover damages for injuries sustained while he was engaged in interstate commerce. Upon the verdict of a jury judgment for $12,000 was entered in his favor. The appellant seeks reversal on two grounds: First, error in denying a motion for a directed verdict on the ground that the accident as described by the plaintiff, who was the only witness to it, was a physical impossibility; and, second, error in the admission of evidence.

The plaintiff was injured while attempting to board a slowly moving engine engaged in switching freight cars. He testified that he seized the grab irons on either side of the gangway leading to the cab of the engine, placed his left foot firmly on the bottom step and was just lifting his right foot from the ground when the engine gave a violent lurch forward. This threw his body backward against the side of the tender, his foot was jarred from the step, his hands slid down the grab irons, he fell on his spine, and his left foot went under the front right wheel of the tender which crushed four of his toes.

All the other members of the train crew denied that there was any lurch in the movement of the train, but the appellant properly makes no claim that the jury could not have accepted the plaintiff's testimony on this issue in preference to theirs. Nor does the appellant dispute that the plaintiff's left foot in some manner did get between the rail and the front right wheel of the tender, with the resulting loss of his toes. The claim is that the story of the accident is an impossibility; that the only way it could have happened was if the plaintiff, who was facing the side of the train when he seized the grab irons, missed the step and the forward motion of his body sent his foot below the step and onto the rail. The step of the gangway was only two feet above the ground and its outer edge was two feet, three and a quarter inches away from the rail; the overhang of the tender beyond the rail was about two feet five inches, and the tender and engine fit snugly together with no open-space between. The appellant argues that if a lurch of the engine swung the plaintiff's body backward as he says, his left foot would necessarily be pointing away from the rail when he fell and could not possibly have gotten under the wheel of the tender because of the overhang of the tender and step. The appellant's conjectures as to how the accident happened may seem a more likely occurrence than the plaintiff's explanation, but the latter is not so clearly shown to have been physically impossible as to require that the verdict be set aside. According to the plaintiff's story, when his foot was jarred from the step his hands were still on both grab irons and his back swung around again so that he may have been almost facing, even though at an angle, toward the rails. Where a man's feet will go when he is thrown to his back on the ground will depend upon just how he hits the ground and what muscular reactions occur. This was a jury question. See Fitzgerald v. Pennsylvania R. Co., 2 Cir., 164 F.2d 323.

The appellant's contention as to error in the admission of evidence is also unsupportable. On cross-examination of the plaintiff, the appellant attempted to show that he had failed to follow medical advice and undergo an operation, characterized as "a little repair work," which would have improved his condition. To meet the implication that he had not done all he should to effect a cure, the plaintiff was plainly entitled to show who the doctors were and why he did not follow their advice. On redirect he said that the operation was suggested by Dr. Truax and Dr. Donaghy, that Dr. Truax was employed by the railroad and Dr. Donaghy was employed by Dr. Truax. His information that Dr. Truax was employed by the railroad was derived from the company's 1946 timetable which listed his name among the railroad's surgeons and instructed employees to notify them in case of injury. If Dr. Truax had ceased to be on the list at the time when the plaintiff consulted him, it was for the defendant so to prove. Nor is it material whether the surgeon's relation to the railroad was that of an agent or an independent contractor; in either case his advice might be thought by the plaintiff to be subject to some bias which made it reasonable for him not to follow it.

Judgment affirmed.